## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| BRUCE MARTIN, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 01-0137 |
| ) | |
| POWERMATIC, INC. and JET ) | |
| EQUIPMENT AND TOOLS, INC., ) | |
| ) | |
|       Defendants. ) | |
| _____) | |

## ORDER

THIS MATTER comes before the Court on the Motion Requesting Certification of the Court's November 22, 2006 Order Denying Defendant's Motion for Summary Judgment filed by Defendant Jet Equipment and Tools, Inc. [hereinafter "Jet"]. Plaintiff Bruce Martin opposes such motion *inter alia* as untimely.

The motion for certification was filed on April 23, 2007, five months after the Court's Order. A district court may certify an order under 28 U.S.C. § 1292(b) after it is entered by either amending the order to add a § 1292(b) certification or by issuing an order "quick on the heels of the order to be appealed" certifying the order. Weir v. Probst, 915 F.2d 283, 285 (7th Cir. 1990); see Fed. R. App. Proc. 5(a)(3)("[T]he district court may amend its order . . . to include the required permission or statement.").

Although the district court may amend its order at any time, the power to amend "must not be used promiscuously." Bucley v. Fitzsimmons, 919 F.2d 1230, 1239 (7th Cir. 1990). "The grant of a power is not a license to abuse it." Weir, 915 F.2d at 287. "In the context of requests for interlocutory appeals, timely requests for certification are calculated in days, not months."

Fabricant v. Sears Roebuck & Co., 2001 WL 883303, *1 (S.D. Fla., Jan. 29, 2001) (finding forty-six day delay untimely); see also In re Buspirone Patent Litigation, 210 F.R.D. 43, 50 (S.D.N.Y. 2002) (denying certification when motion was made over three months after order); Ferraro v. Secretary of U.S. Dept. of Health and Human Services, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (declining to certify when party waited over two and a half months to file motion); Morton College Bd. of Trustees v. Town of Cicero, 25 F. Supp.2d 882, 883 (N.D. Ill.1998) (considering reason for thirty-day delay too weak to allow certification).

In Weir v. Probst, the Seventh Circuit Court of Appeals declined to accept appeal of a certified order because the appellant, without a proper reason for delay, waited sixty-three days after the district court issued its order before requesting that the order be certified for an interlocutory appeal. 915 F.2d at 287. The court explained the aim of expeditious certification:

> The requirement that the district court include the required certification in the order to be appealed, and that the appellant seek our permission to take the appeal within ten days after the order, indicates that celerity was to be the touchstone of appealability under that section. The reason is not hard to see. An interlocutory appeal normally interrupts the trial even though it does not suspend the trial court's jurisdiction, and the parties ought to know at the earliest possible opportunity whether such an interruption is going to occur.

Id. at 286.

Jet has not given any reason for its five-month delay in seeking certification. Since the Court entered its Order, the case has moved forward. Jet has engaged in discovery and Martin has responded to Jet's discovery demands. The Court has found no precedent for considering such a dilatory motion for certification under these circumstances. To grant Jet's request for certification would be an abuse of its discretion.

Because the Court finds Jet's motion to be untimely, it is hereby

**ORDERED** that the Motion Requesting Certification of the Court's November 22, 2006 Order Denying Defendant's Motion for Summary Judgment is **DENIED**.

**ENTER:**

**DATED:** October 17, 2007 _____/**s/**_____
RAYMOND L. FINCH
DISTRICT JUDGE